IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **SHERON PURNELL** <br> 115 Morgan Run <br> Snow Hill, Maryland 21863 <br><br> *Plaintiff* <br><br> v. <br><br> **ZACHARY CONVERSE (0203)** <br> Worcester County Sheriff's Office <br> 1 W. Market Street, Room 1001 <br> Snow Hill, Maryland 21863 <br><br> and <br><br> **DETECTIVE MUSGRAVE** <br> Worcester County Sheriff's Office <br> 1 W. Market Street, Room 1001 <br> Snow Hill, Maryland 21863 <br><br> *Defendants* | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> Civil Action No. |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT AND DEMAND FOR JURY TRIAL
FOR MONETARY DAMAGES FOR VIOLATION OF
PLAINTIFF'S CIVIL RIGHTS**

NOW COMES Plaintiff, Sheron Purnell, by and through his undersigned counsel, Anton L. Iamele and IAMELE & IAMELE, LLP, and hereby sues Defendant, Worcester County Sheriff's Office Detective Zachary Converse (0203) and Detective Musgrave and as reasons states as follows:

**Introduction**

1. This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, the common law of the State of Maryland, and the Maryland Declaration of Rights against Worcester County

1

Sheriff's Office Detective Zachary Converse (0203) and Detective Musgrave in their individual and official capacities. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this court to entertain claims arising under Maryland State law.

2. It is alleged that the individual defendants named herein made an unreasonable seizure of the person of Plaintiff Sheron Purnell, thereby violating his rights under the Fourth and Fourteenth Amendment of United States Constitution, as well as, the Maryland Declaration of Rights. It is further alleged that the defendant named herein employed unwarranted and excessive force in effecting the seizure at issue in this Complaint.

3. Venue is proper under 28 U.S.C. § 1391 in that the Plaintiff resides in the State of Maryland, and the causes of action set forth in this Complaint concern events that occurred in Worcester County, Maryland.

4. Notice was provided to the Worcester County Commissioners in a manner that substantially complied with Maryland's Local Government Tort Claims Act.

**Parties**

5. Plaintiff Sheron Purnell is a citizen of the State of Maryland residing at 115 Morgan Run, Snow Hill, Maryland 21863.

6. Defendant Zachary Converse is a duly authorized agent, servant, and/or employee of the Worcester County Sheriff's Office working out of the Worcester County Sheriff's Office located at 1 W. Market Street, Room 1001, Snow Hill, Maryland 21863. At all times relevant to this Complaint, Defendant Converse was acting within the scope and course of employment as a member of the Worcester County Sheriff's Office. He is sued in this case both independently and in his official capacity.

7. Defendant Detective Musgrave is a duly authorized agent, servant, and/or employee of the Worcester County Sheriff's Office working out of the Worcester County Sheriff's Office located at 1 W. Market Street, Room 1001, Snow Hill, Maryland 21863. At all times relevant to this Complaint, Defendant Orndorff was acting within the scope and course of employment as a member of the Worcester County Sheriff's Office. He is sued in this case both independently and in his official capacity.

**Facts**

8. On or about December 21, 2018, at approximately 12:48PM Plaintiff Sheron Purnell was operating a 2008 Honda Accord traveling southbound on Worcester Highway at or near the intersection of Worcester Highway and Georgetown Road in Berlin, Maryland.

9. At the aforesaid location Defendant Zachary Converse was conducting stationary radar in the area of Worcester Highway and Georgetown Road in Berlin, Maryland.

10. Defendant Zachary Converse initiated a traffic stop of the 2008 Honda Accord operated by Plaintiff Sheron Purnell at or near the intersection of Worcester Highway and Ocean Gateway.

11. Plaintiff Sheron Purnell lawfully pulled his vehicle to the side of the roadway in response to Defendant Zachary Converse initiating the traffic stop.

12. Defendant Zachary Converse approached the passenger side of Plaintiff Sheron Purnell's vehicle and identified himself. Defendant Zachary Converse advised Plaintiff Sheron Purnell that Plaintiff Purnell was traveling 58 miles per hour in a 50 mile per hour zone.

13. Plaintiff Sheron Purnell acknowledge the reason for the traffic stop, shook his head up and down in agreement, and advised that he was trying to eat.

3

14. Defendant Zachary Converse observed a Burger King bag containing food in the passenger seat. Defendant Zachary Converse request Plaintiff Sheron Purnell's license and registration.

15. While Plaintiff Sheron Purnell was locating the requested documentation, Defendant Zachary Converse asked Plaintiff Sheron Purnell where he was coming from. Plaintiff Sheron Purnell advised Defendant Zachary Converse that he was coming from Ocean City.

16. Plaintiff Sheron Purnell handed Defendant Zachary Converse the vehicle registration and placed his hands in his lap. Defendant Zachary Converse requested Plaintiff Sheron Purnell's driver's license.

17. Defendant Zachary Converse further asked Plaintiff Sheron Purnell what he was doing in Ocean City. Plaintiff Sheron Purnell advised Defendant Zachary Converse that he went to Ocean City to get lunch.

18. Defendant Zachary Converse requested the assistance of Maryland State Police Drug K-9 to the scene at approximately 12:51PM.

19. At approximately 12:57PM Maryland State Trooper Orndorff of the Berlin Barracks of the Maryland State Police arrived at the scene and approaches Plaintiff Sheron Purnell's vehicle.

20. Plaintiff Sheron Purnell complies with Trooper Orndorff's orders to exit his vehicle, place his hands in the air, and permit Trooper Orndorff to conduct a pat down of his person.

21. Plaintiff Sheron Purnell was compliant during the course of his interaction with Trooper Orndorff.

22. Defendant Converse exited his police vehicle and approached Plaintiff Sheron Purnell and Trooper Orndorff.

23. Defendant Converse grabs Plaintiff Sheron Purnell's left arm and twists his arm behind his back and forces Plaintiff Sheron Purnell onto the rear portion of Plaintiff's vehicle.

24. Defendant Converse and Trooper Orndorff proceed to take Plaintiff Sheron Purnell to his knees on the ground.

25. Defendant Musgrave arrives at the scene and assists Defendant Converse in taking Plaintiff Sheron Purnell to the ground.

26. Defendants Converse and Musgrave place their knees on Plaintiff's back while Plaintiff is lying face down on the ground.

27. Defendants Musgrave deploys his Taser into Plaintiff Sheron Purnell's lower back.

28. Defendants Converse and Musgrave placed Plaintiff Sheron Purnell in handcuffs.

29. Berlin EMS arrived at the scene of the altercation as a result of Defendant Musgrave deploying his Taser. After a preliminary evaluation, Berlin EMS that Plaintiff Sheron Purnell would be transported to Atlantic General Hospital for medical treatment.

30. Plaintiff Sheron Purnell was ultimately issued a Traffic Violation Warning for Exceeding the posted speed limit and released from police custody on December 21, 2021 at Atlantic General Hospital.

31. Plaintiff Sheron Purnell was formally charged with CDS: Possession – Not Marijuana, Resisting Arrest, and Obstructing and Hindering under the following caption: *State of Maryland v. Sheron Levete Purnell*, District Court of Maryland for Worcester County, Case No.: D-024-CR-19-000529 on January 10, 2019.

32. Plaintiff Sheron Purnell was arrested on or about January 30, 2021 and was released on a $5,000.00 bond.

33. On June 28, 2019, all charges advanced against Plaintiff Sheron Purnell were dismissed.

34. Plaintiff Sheron Purnell did not physically resist or otherwise assault the Defendants Converse and Musgrave in any way, and the force directed against him was unnecessary, unreasonable, and excessive.

35. At no time during the events described above, was Plaintiff Sheron Purnell a threat to the safety of himself, Defendants Converse and Musgrave, Maryland State Trooper Orndorff, or any other person present in the vicinity.

36. Plaintiff Sheron Purnell did not commit any criminal offenses before or during the encounter with the Defendants Converse and/or Musgrave.

37. Defendants Converse and Musgrave had no warrant for the arrest of Plaintiff Sheron Purnell, no probable cause for the arrest of Plaintiff Sheron Purnell, and no legal cause or excuse to seize the person of Plaintiff Sheron Purnell.

38. As a direct result of the assault perpetrated by Defendants Converse and Musgrave, Plaintiff Sheron Purnell has suffered serious and permanent physical injuries. He also suffered a loss of earnings to the extent that he was unable to further his employment.

39. In addition to the physical injuries described herein, Plaintiff Sheron Purnell suffered the following injuries and damages:

   a. Violation of his well established constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution to be free from an unreasonable search and seizure of his person;

   b. Violation of his constitutional rights under the Maryland Declaration of Rights clearly established and well settled state constitutional rights under the Maryland Declaration of Rights Articles 24 and 26 including, but not limited to: Freedom from the use of excessive, unreasonable, and unjustified force against his person;

6

    c. Loss of his physical liberty;

    d. Physical pain and suffering;

    e. Emotional trauma and suffering, embarrassment, and mental anguish;

    f. Lost wages and loss of future earning potential;

    g. And has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendants Converse and/or Musgrave.

40. The actions of the Defendants Converse and Musgrave violated the following clearly established and well settled federal and state constitutional rights of Plaintiff Sheron Purnell:

    a. Freedom from the unreasonable seizure of his person; and

    b. Freedom from the use of excessive, unreasonable, and unjustified force against his person.

### COUNT I – VIOLATION OF 42 U.S.C. 1983 – FOURTH AND FOURTEENTH AMENDMENTS
**(Plaintiff Sheron Purnell v. Defendants Converse and Musgrave)**

41. Plaintiff Cashier hereby incorporates Paragraphs 1 through 40 as if fully restated herein.

42. At all times relevant to this Complaint, Plaintiff Sheron Purnell had rights afforded to him by the Fourth and Fourteenth Amendments to the United States Constitution not to have his person or property unlawfully searched, seized, or detained in an unreasonable manner; not to be deprived of his liberty without due process of the law; not to be subjected to excessive force during the course of an arrest; not to be unreasonably denied necessary medical treatment; and not to be summarily punished.

43. At all times relevant herein, Defendants Converse and Musgrave was acting under the color of State and local law and as a member of the Baltimore County Police Department. His conduct therefore triggers 42 U.S.C. §1983.

44. Defendants Converse and Musgrave's actions and omissions deprived Plaintiff Sheron Purnell of his clearly established and well-settled constitutional rights.

45. Defendants Converse and Musgrave knowingly acted to deprive the Plaintiff of his constitutional rights maliciously and with reckless disregard. Defendants Converse and Musgrave also conspired with other members of the Worcester County Sheriff's Office and/or Maryland State Police who were present on the scene to act in an unlawful manner that would violate the Plaintiff's Constitutional Rights.

46. Plaintiff Sheron Purnell claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants Converse and Musgrave for violation of his constitutional rights under color of law.

## COUNT II – BATTERY
**(Plaintiff Sheron Purnell v. Defendants Converse and Musgrave)**

47. Plaintiff Sheron Purnell hereby incorporates Paragraphs 1 through 40 as if fully restated herein.

48. Defendants Converse and Musgrave engaged in intentional acts of unlawful conduct with Plaintiff Sheron Purnell such that the Plaintiff sustained serious and permanent injuries.

49. Defendants Converse and Musgrave utilized unreasonable, unlawful, and excessive force by, among other things, taking Plaintiff to the ground, placing Plaintiff's left arm in a twist lock, and deploying a Taser into Plaintiff's lower back.

50. Plaintiff Sheron Purnell in no way consented to the described contact by Defendants Converse and Musgrave; in no way provoked, contributed to, or in any way presented just or

8

reasonable cause for Defendants Converse and Musgrave to act as he did; and did nothing to contribute to the unlawful touching that Defendant Converse and Musgrave inflicted upon him.

51. The conduct of Defendant Converse and Musgrave was without legal justification and was improperly motivated by ill will and actual malice – including, but not limited to, a desire to inflict pain, suffering, and injury upon the Plaintiff.

52. As a direct and proximate result of the assault perpetrated Defendants Converse and Musgrave Plaintiff Sheron Purnell sustained significant injuries, medical bills, and psychological damages.

## COUNT III-FALSE ARREST
### (Plaintiff Sheron Purnell v. Defendants Converse and Musgrave)

53. Plaintiff Sheron Purnell hereby incorporates Paragraphs 1 through 40 as if fully restated herein.

54. Defendants Converse and Musgrave did not have any rational reason to believe that Plaintiff Sheron Purnell had engaged in any crime, resisted arrest, or committed an assault and were therefore without lawful authority or adequate probable cause to detain/arrest the Plaintiff. Plaintiff Sheron Purnell was nevertheless detained as described herein.

55. The false arrest perpetrated by Defendants Converse and Musgrave was made without warrant and without probable cause to support a lawful arrest.

56. The conduct attributed to Defendants Converse and Musgrave demonstrated ill will, improper motivation, and actual malice on the part of the Defendants.

57. As a direct consequence in result of the acts of Defendants Converse and Musgrave described herein, the Plaintiff was deprived of his liberty, was caused to suffer permanent physical injuries, and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendants.

58. The Plaintiff has also suffered additional injuries which are not expressly enumerated herein.

### COUNT IV-FALSE IMPRISONMENT
### (Plaintiff Sheron Purnell v. Defendants Converse and Musgrave)

59. Plaintiff Sheron Purnell hereby incorporates Paragraphs 1 through 40 as if fully restated herein.

60. Defendants Converse and Musgrave falsely imprisoned the Plaintiff throughout the course of events described herein. The instances of a false imprisonment include, but are not limited to, the time periods during which Plaintiff Sheron Purnell was (1) forcefully taken to the ground by Defendants Converse and Musgrave (2) restrained by Defendants Converse with his left arm in a twist lock; and (3) handcuffed and detained by Defendants Converse and Musgrave.

61. The actions of Defendants Converse and Musgrave caused Plaintiff Sheron Purnell to be unlawfully deprived of his liberty, unable to escape a vicious attack, and incapable of seeking necessary medical attention.

62. As a result of the unlawful conduct described herein, Plaintiff Sheron Purnell was detained against his will and sustained significant injuries and damages described herein.

63. The Defendant's actions demonstrate ill will, improper motivation, evil purpose, and/or actual malice.

64. As a direct consequence in result of the acts of Defendants Converse and Musgrave described herein, the Plaintiff was deprived of his liberty, was caused to suffer permanent physical injuries, and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant. The Plaintiff has also suffered additional injuries which are not expressly enumerated herein.

### COUNT V – VIOLATION OF

## MARYLAND STATE DECLARATION OF RIGHTS
### (Plaintiff Sheron Purnell v. Defendants Converse and Musgrave)

65. Plaintiff Sheron Purnell hereby incorporates Paragraphs 1 through 40 as if fully restated herein.

66. As a direct and proximate result of the actions and omissions of Defendants Converse and Musgrave described herein, all of which were committed under the color of their authority as a members of the Worcester County Sheriff's Office and while acting in the capacity of duly authorized police officer, Plaintiff Sheron Purnell was deprived of rights and immunities secured to him under the Maryland Declaration of Rights – in particular, his right not to be subjected excessive force during the course of an ongoing arrest, his rights to the security of his person and freedom from arrest except upon probable cause, as well as his right not to be deprived of liberty without due process of the law.

67. As a direct consequence and result of the actions and omissions of Defendants Converse and Musgrave described herein, Plaintiff Sheron Purnell was deprived of his liberty; was caused to suffer physical injuries; lost time from his employment; and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant.

WHEREFORE, Plaintiff Sheron Purnell hereby requests that this Honorable Court:

(A)     Award the Plaintiff actual, compensatory, and consequential damages in an amount to be determined at trial against Defendant Worcester County Sheriff's Office Detectives Zachary Converse and Detective Musgrave, jointly and severally;

(B) Award Plaintiff punitive damages in an amount to be determined at trial against Worcester County Sheriff's Office Detectives Zachary Converse and Detective Musgrave, jointly and severally;

(C) Award costs of this action to the Plaintiff;

(D) Award the Plaintiff reasonable attorney's fees and costs incurred in pursuing this action, as provided under 42 U.S.C. §§ 1983 and 1988; and

(E) Award such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

IAMELE & IAMELE, LLP

_____
Anton L. Iamele, Federal Bar No. 14845
201 North Charles Street, Suite 400
Baltimore, Maryland 21201
410-779-6160 (Telephone)
410-779-6161 (Facsimile)
aiamele@iamelelaw.com
*Counsel for Plaintiff, Sheron Purnell*

## PRAYER FOR JURY TRIAL

Plaintiff hereby requests that all issues raised in this Complaint be decided by way of a jury trial.

_____
Anton L. Iamele